UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Anna M. Durnovo
    Plaintiff

    v.

Mackenzie Hall and Matthew Kniss,
    Defendants.

Case No.   1:26-cv-1034

Hon.
District Court Judge

_____/

J. Nicholas Bostic P40653
Attorney for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
barristerbosticlaw@gmail.com

_____/

**<u>COMPLAINT AND JURY DEMAND</u>**

Plaintiff, for her complaint, states:

1.  Plaintiff is a competent adult and a resident of Kalkaska County and the Western District of Michigan.

2.  Defendant Mackenzie Hall, at all times pertinent to this complaint, was a deputy sheriff for Kalkaska County, Michigan.

3.  Defendant Hall's county of residence is unknown and his place of conducting business is Kalkaska County and the Western District of Michigan.

4.  Defendant Matthew Kniss, at all times pertinent to this complaint was a deputy sheriff for Kalkaska County, Michigan.

5.  Defendant Kniss' county of residence is unknown and his place of conducting business is Kalkaska County and the Western District of Michigan.

6.  This cause of action arose in Kalkaska County, Michigan, in the Western District of

Michigan.

7.  At all times relevant to this matter, all Defendants were acting under color of law.

8.  This Court has jurisdiction pursuant to 28 USC §1331 as the claims are based on 42 USC §1983 and alleged violations of Plaintiff's federal constitutional rights.

9.  This court has pendent jurisdiction pursuant to 28 USC § 1367 over the state law claims based on the same facts and circumstances as the federal claims.

### GENERAL ALLEGATIONS

10. Paragraphs 1 through 9 above are incorporated herein by reference.

11. On June 26, 2024 at approximately 4:21 p.m., Plaintiff was driving her vehicle on M-72 near Goose Creek Road in Kalkaska County Michigan after her work shift ended.

12. Defendants activated the emergency lights while behind Plaintiff's vehicle which prompted her to comply by pulling her vehicle onto the shoulder of the highway and coming to a stop.

13. Defendant Kniss initially approached Plaintiff at her driver's side door.

14. Defendant Hall then approached Plaintiff while she was initially still in her vehicle.

15. falsely reported that he observed bloodshot eyes and that Plaintiff was moving and talking slowly.

16. Defendant Hall instructed Plaintiff to exit her vehicle and she complied.

17. Plaintiff told both Defendants that she had just completed a lengthy shift at work as a nurse and had been on her feet most of that shift.

18. Plaintiff told both Defendants that she had not consumed any alcohol and had not consumed any controlled substances.

19. Prior to any field sobriety tests, Plaintiff informed both Defendants that she had diabetes.

20. Prior to any field sobriety tests, Plaintiff informed Defendants that she gets up every morning at 4:00 a.m.

21. Defendants moved Plaintiff from a smooth shoulder surface adjacent to the highway to a sloped embankment to perform field sobriety tests involving balance and motor skills.

22. Defendant Hall imposed the horizontal gaze-nystagmus test on Plaintiff and did not observe any signs of impairment.

23. Defendant Kniss imposed the horizontal gaze-nystagmus test on Plaintiff and did not observed any signs of impairment.

24. Defendant Hall imposed the vertical gaze-nystagmus test on Plaintiff and did not observe any signs of impairment.

25. Both Defendants falsely claimed that Plaintiff did not properly perform the field sobriety tests involving balance and motor skills after moving her to an uneven, sloped surface with sticks and rocks adjacent to the highway.

26. Defendant Hall imposed a preliminary breath test on Plaintiff with a result of .000 blood-alcohol content.

27. Defendant Hall searched Plaintiff's vehicle and found no controlled substances or alcohol.

28. Defendant Hall informed Plaintiff of her rights concerning implied consent alcohol testing and she consented.

29. Defendant Hall elected to utilize a blood draw and transported Plaintiff to a medical facility.

30. Defendants arrested Plaintiff and lodged her in the County Jail.

31. On July 10, 2024, the Michigan State Police Crime Laboratory reported that alcohol was not detected in Plaintiff's blood.

32. On July 31, 2024, the Michigan State Police Crime Laboratory reported that no controlled or other substances were found in the preliminary blood screen utilized by the Michigan State Police Laboratory.

33. The November 7, 2025 version of the scope of analysis for a Michigan State Police Laboratory blood screen is at Attachment 1 to the Complaint.

<u>**COUNT 1**</u> – 42 USC § 1983
<u>**Fourth Amendment**</u> – Unlawful seizure

34.  Paragraphs 1 through 33 above are incorporated herein by reference.

35. Defendants both received and completed training to be a certified police officer in the state of Michigan.

36. The Fourth Amendment of the U.S. Constitution protects against a warrantless seizure of a citizen absent probable cause.

37. Plaintiff was fully sober and did not display signs of intoxication to create probable cause of impairment of either alcohol or any controlled substance.

38. Defendants improperly utilized the field sobriety tests related to balance and motor skills.

39. Defendants failed to consider or acknowledge that numerous signs of sobriety exhibited by Plaintiff.

40. Defendants failed to consider Plaintiff's verbal denials and her explanation as to her fatigue.

41. The arrest of Plaintiff by Defendants was without probable cause and without a warrant

in violation of the Fourth Amendment to the United States Constitution.

42. Plaintiff was handcuffed, placed in the back of a patrol car, transported unwillingly to a hospital, transported to jail and detained in the patrol, car, hospital and jail for approximately twenty (20) hours until released on June 27, 2024 at 11:48 a.m..

43. The conduct of Defendants was a direct and approximate cause of the unlawful seizure of Plaintiff described above.

44. Plaintiff suffered emotional harm in the form of extreme anxiety, nervousness, and worry when she sees or is near a police officer.

45. The conduct of Defendants was a direct and approximate cause of the violation of Plaintiff's Fourth Amendment right to be free from unlawful seizure.

46. As of June 26, 2024, it was clearly established that the Fourth Amendment to the United States Constitution allows a police officer to seize a citizen for questioning or arrest only if probable cause or a valid warrant exists.

47. No reasonably trained or experienced police officer would have believed probable cause existed to arrest Plaintiff under the facts available to the Defendants.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

**COUNT 2** - 42 USC § 1983
Fourth Amendment-Unlawful Seizure of Blood

48. Paragraphs 1 through 47 above are incorporated herein by reference.

49. Defendants did not have probable cause to arrest Plaintiff and were not lawfully authorized to impose Michigan's implied consent law on Plaintiff.

50. Plaintiff consented to the blood draw only after being advised of her rights and penalties if

she did not consent.

51. Any consent to the blood draw by Plaintiff was not voluntary.

52. Defendants presented Plaintiff to a hospital while she was in custody and caused a hospital employee at the hospital to draw Plaintiff's blood.

53. After Plaintiff's blood was drawn, Defendants seized the sample of her blood and took control over it.

54. The drawing of Plaintiff's blood was accomplished through an invasive procedure which included having a needle stuck in her arm.

55. The seizure of Plaintiff's blood was accomplished by Defendants without probable cause and without a warrant to authorize the seizure.

56. The seizure of Plaintiff's blood without probable cause and without a warrant was unreasonable and a violation of the Fourth Amendment in the United States Constitution.

57. Plaintiff was harmed by the violation of her Fourth Amendment rights by suffering the puncture of her arm by a needle and the loss of 14 milliliters of her blood.

58. The Defendants' seizure of Plaintiff's blood was a direct and proximate cause on the injuries to Plaintiff as described above.

59. As of June 26, 2024, it was clearly established that seizing blood from a citizen without probable cause or a valid warrant was a violation of the Fourth Amendment of the United States Constitution.

60. No reasonably trained and experienced police officer would have believed it lawful to order Plaintiff's blood to be seized these circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of

the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

**COUNT 3** - 42 USC § 1983
**Fourth Amendment**-Unlawful Search of Vehicle

61. Paragraphs 1 through 60 above are incorporated herein by reference.

62. At the conclusion of Plaintiff's arrest, Defendants searched Plaintiff's vehicle at the roadside.

63. Defendants did not have probable cause to search Plaintiff's vehicle.

64. Defendants did not have probable cause to arrest Plaintiff and an inventory search of her vehicle was not authorized or necessary.

65. Defendants did not have any valid exception to the warrant requirement to search Plaintiff's vehicle.

66. The search of Plaintiff's vehicle was accomplished by Defendants entering the vehicle and looking under the seats, in the glove box, in the console, in the trunk, and throughout the vehicle.

67. The search of Plaintiff's vehicle without probable cause and without a warrant was unreasonable and a violation of the Fourth Amendment in the United States Constitution.

68. Plaintiff was harmed by the violation of her Fourth Amendment rights by suffering the loss of her Fourth Amendment privacy rights due to the physical invasion of her vehicle by Defendants.

69. The search of Plaintiff's vehicle by Defendants was a direct and proximate cause of the violation of the Fourth Amendment.

70. As of June 26, 2024, it was clearly established that search of a vehicle without a warrant or probable cause and an exception to the warrant requirement was a violation of the

Fourth Amendment of the United States Constitution.

71. No reasonably trained and experienced police officer would have believed it lawful to search Plaintiff's vehicle under these circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

### COUNT 4 - 42 USC § 1983
### Fourth Amendment-Unlawful Seizure of Vehicle

72. Paragraphs 1 through 71 above are incorporated herein by reference.

73. At the conclusion of Plaintiff's arrest, Defendants seized Plaintiff's vehicle by having it towed from its lawfully parked location at the roadside.

74. Defendants did not have probable cause to seize Plaintiff's vehicle.

75. Defendants did not have probable cause to arrest Plaintiff and an impoundment of her vehicle was not authorized or necessary.

76. Defendants did not have any valid exception to the warrant requirement to seize Plaintiff's vehicle.

77. The seizure of Plaintiff's vehicle was accomplished by Defendants engaging the services of a private towing entity to hook up to Plaintiff's vehicle and placed in their storage lot.

78. The seizure of Plaintiff's vehicle without probable cause and without a warrant was unreasonable and a violation of the Fourth Amendment in the United States Constitution.

79. Plaintiff was harmed by the violation of her Fourth Amendment rights by suffering the loss of her Fourth Amendment privacy rights due to the physical impoundment of her vehicle and the temporary loss of its use.

80. Plaintiff was harmed by the violation of her Fourth Amendment rights by being required

to pay $517.00 to retrieve her vehicle after 22 hours of not being in possession of it.

81. The seizure of Plaintiff's vehicle by Defendants was a direct and proximate cause of the violation of the Fourth Amendment.

82. As of June 26, 2024, it was clearly established that seizure of a vehicle without a warrant or probable cause and an exception to the warrant requirement was a violation of the Fourth Amendment of the United States Constitution.

83. No reasonably trained and experienced police officer would have believed it lawful to seize Plaintiff's vehicle under these circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

### COUNT 5 - 42 USC § 1983
### Fourth Amendment-Malicious Prosecution

84. Paragraphs 1 through 83 above are incorporated herein by reference.

85. During Plaintiff's detention at the jail, Plaintiff was subjected to a court order issued by the Kalkaska County District Court under docket number 24-27698-SD.

86. The order required Plaintiff to post a bond to secure her appearance and restricted her liberty by requiring her to remain in the state of Michigan without that Court's permission and notify that Court of any change of address.

87. The order required Plaintiff to submit to a urine test and submit to weekly urine tests with all results being provided to that Court.

88. The order required Plaintiff to submit to random drug tests and preliminary breath tests upon request.

89. The order remained in effect – and Plaintiff complied with it – until all charges were

dismissed on or about August 26, 2024.

90. Plaintiff also provided a urine test after the case was dismissed due to late notification to her of the dismissal.

91. Defendant Hall initiated the prosecution of Plaintiff by issuing and submitting a motor vehicle code violation to the Kalkaska District Court which serves as a complaint.

92. Defendant Hall did not have probable cause to initiate a criminal charge against Plaintiff.

93. Defendant Hall's initiation of criminal charges against Plaintiff without probable cause was unreasonable and a violation of the Fourth Amendment in the United States Constitution.

94. Plaintiff was harmed by the violation of her Fourth Amendment rights by suffering the loss of her Fourth Amendment liberty rights due to the court-ordered restrictions of her physical movements and the requirements of weekly urine testing.

95. Plaintiff was harmed by the violation of her Fourth Amendment rights by being required to pay $267.00 for the court-ordered testing.

96. Plaintiff was harmed by the violation of her Fourth Amendment rights by being required to pay a $20.00 fee to the Court to facilitate posting of her bond of $200.00 which was paid by credit card on June 27, 2024.

97. Plaintiff was harmed by the violation of her Fourth Amendment rights by being required to pay a total of $33.68 for jail booking fees.

98. Defendant Hall's initiation of criminal charges against Plaintiff was a direct and proximate cause of the violation of the Fourth Amendment.

99. As of June 26, 2024, it was clearly established that a criminal prosecution not based upon

probable cause was a violation of the Fourth Amendment of the United States Constitution.

100. No reasonably trained and experienced police officer would have believed it lawful to initiate a criminal prosecution of Plaintiff under these circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendant Hall in an amount of not less than $25,000.00.

<strong><u>COUNT 6</u></strong> – Assault and Battery – state law

101. Paragraphs 1 through 100 above are incorporated herein by reference.

102. At Defendants' direction, a nurse at Kalkaska Memorial Health Center inserted a needle into Plaintiff's arm to withdraw her blood.

103. The puncture wound caused minor bruising, loss of blood, and pain to Plaintiff when it occurred.

104. The battery of Plaintiff was offensive.

105. Defendants were not acting in self-defense when they caused the puncture wound to Plaintiff.

106. Defendants' conduct was intentional and not accidental.

107. Defendants had no lawful justification for their battery of Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendants in an amount of not less than $25,000.00 each.

<strong><u>RELIEF REQUESTED</u></strong>

WHEREFORE, Plaintiff requests this Honorable Court:

Page <strong>11</strong> of <strong>13</strong>

1.  Enter judgment against each Defendant as specified in the above counts in an amount as awarded by the jury but in no case less than the relief specified in each count;

2.  Award Plaintiff her costs and attorney fees as authorized by 42 U.S.C §1988;

3.  Award Plaintiff interest on the judgment to the date of the complaint as authorized by law;

4.  Because each individual Defendant's conduct was willful, malicious and intended to inflict humiliation, embarrassment, pain, and mental anxiety to Plaintiff, award exemplary damages to Plaintiff in an amount of not less than $100,000.00 each; and

5.  Award Plaintiff any other relief as equity and justice demand.

Signature by Plaintiff:

_2/14/26_
Date

_Anna M. Durnovo_

Signature by Attorney:

_3/29/2026_
Date

*/s/ J. Nicholas Bostic*
J. Nicholas Bostic P40653
Counsel for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
barristerbosticlaw@gmail.com

## <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury on all counts.

_03/29/2026
Date

*/s/ J. Nicholas Bostic*
J. Nicholas Bostic P40653
Counsel for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
barristerbosticlaw@gmail.com